UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BARBARA MCMAHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY, a member of the Liberty Mutual Group,<br><br>　　　　Defendant. | Civ. No. 5:18-cv-5067<br><br><br>**COMPLAINT** |

Plaintiff Barbara McMahan, through undersigned counsel, and for her cause of action against Safeco Insurance Company, a member of the Liberty Mutual Group (hereinafter "Defendant"), states and alleges as follows:

## PARTIES

1.　Plaintiff Barbara McMahan ("Plaintiff") is currently a citizen of the State of South Dakota and resides in the County of Pennington.

2.　Defendant is incorporated or has its principal place of business in a state other than South Dakota, and was providing underinsured motorist coverage to Plaintiff on or about September 23, 2016. Plaintiff is an insured under the policy.

## JURISDICTION

3.　The amount in controversy exceeds $75,000.

4.　Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTS

5.　Plaintiff suffered injuries when a tortfeasor, Alesia Shucavage, negligently rear-ended her vehicle at a rate of approximately 30 M.P.H., in Rapid City, Pennington County, South Dakota, on or about September 23, 2016.

6.　The tortfeasor, Alesia Schucavage, was distracted by her phone when she rammed into the rear of Plaintiff's vehicle.

7. The tortfeasor, Alesia Schucavage, was cited for hit and run property damage pursuant to SDCL § 32-34-6 and careless driving under SDCL § 32-24-8.

8. As a proximate consequence of the collision, Plaintiff was severely injured and damaged and has suffered and will continue to suffer in the future, severe physical and mental anguish, permanent disability, loss of enjoyment of life, and has incurred medical expenses, both in the past and in the future, all to Plaintiff's general and special damage.

## COUNT I: UNDERINSURED MOTORIST COVERAGE

9. Plaintiff reincorporates by reference the foregoing paragraphs.

10. Defendant is a corporation engaged in the business of providing insurance, and was providing underinsured motorist coverage to Plaintiff in September of 2016.

11. The contract of insurance required Defendant to pay compensatory damages to Plaintiff for the injuries she suffered as a result of the collision on September 23, 2016.

12. Defendant was informed of Plaintiff's injuries and damages from the outset because the policy of insurance between Plaintiff and Defendant included initial medical-payments coverage for Plaintiff.

13. In August of 2018, Plaintiff, out of medical and financial necessity, settled with the tortfeasor, Alesia Shucavage, and tortfeasor's insurance provider, Viking Insurance Company of Wisconsin, for the policy limits of $50,000 toward her injuries.

14. Defendant is responsible for any damages in excess of the $50,000 policy limits paid by Alesia Shucavage's insurer, Viking Insurance Company.

15. With total and future special damages resulting from the collision well in excess of $100,000, counsel for Plaintiff informed Defendant that Plaintiff's underinsured motorist coverage would need to be utilized and in May 2018, requested the $50,000 available within the policy limits of Plaintiff's coverage.

16. Plaintiff thoroughly detailed and substantiated her significant injuries and losses in writing along with her request to Defendant, which included supplying supplemental material requested by Defendant.

17. After a delay of several months, in July 2018, Defendant responded that it would only extend coverage in the amount of $1,500 under Plaintiff's policy.

18. With such a preposterous offer, Plaintiff again informed Defendant that Plaintiff's had incurred medical expenses over $30,000, and Defendant was aware that approximately $70,000 in future medical expenses were anticipated.

19. On July 25, 2018, Plaintiff again requested the $50,000 available within the policy limits of Plaintiff's underinsured motorist coverage.

20. On July 26, 2018, Plaintiff received an offer from Defendant of $6,797.22 in exchange for a "full and final release" of her claim; an amount that was and remains unsupported by the evidence of damages suffered by Plaintiff, and which lacks any reasonable basis.

21. Defendant has engaged in a deliberate pattern and practice of ignoring and undervaluing Plaintiff's claim under its policy of insurance in order to decrease the amount of claim expenses it must pay to its insured.

22. Defendant unreasonably and fraudulently elevated its own interests above those of Plaintiff, did not promptly or in good faith pay the claim of its insured, and refused to settle in good faith, forcing Plaintiff to now bring suit for the benefit to which she was entitled under her insurance contract.

23. Defendant deliberately handled Plaintiff's claim in a manner designed to force its insured to capitulate to a low settlement offer or commence litigation, which Defendant knows is expensive and stressful, and which invariably delays and dilutes payment of benefits that Defendant knows are owed and to which its insured was entitled.

## COUNT II
## BREACH OF CONTRACT

24. Plaintiff reincorporates by reference the foregoing paragraphs.

25. At all times material, Plaintiff was a named insured under a policy of motor vehicle insurance issued by Defendant.

26. Defendant was informed of the collision that occurred on September 23, 2016, which resulted in injury to Plaintiff, and Plaintiff advised Defendant of his claim for underinsured motorist benefits under her policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

27.  Defendant failed its duty under the contract of insurance to fairly and adequately evaluate the claim and pay the full amount of damages owed its insured, and refused to offer a reasonable and good faith settlement, all in breach of its contract of insurance with Plaintiff.

## COUNT III
## BAD FAITH

28.  Plaintiff reincorporates by reference the foregoing paragraphs.

29.  Defendant tortiously failed to conduct a reasonable, good-faith investigation of Plaintiff's claim and instead set about to administer the claim in a manner calculated only to provide Defendant with a basis to underpay Plaintiff's claim and reduce Defendant's expenses.

30.  Defendant either knew or should have known of the lack of reasonable basis for denial of benefits.

31.  Defendant also failed to give equal consideration to the interests of Plaintiff, ignored the facts that support her claim, and ignored law that requires payment of the claim.

32.  Defendant's actions constitute bad faith, including but not limited to, the following:

   a. Defendant breached its duty to adjust Plaintiff's claim in good faith and to investigate every available source of information in pursuit of minimum facts necessary to support Defendant's offer of $6,797.22 to settle Plaintiff's claim;

   b. Defendant took actions which injured the Plaintiff's rights; and

   c. Defendant failed to fulfill their continuing duty to investigate and evaluate Plaintiff's claim.

## COUNT IV
## ATTORNEY'S FEES

33.  Plaintiff reincorporates by reference the foregoing paragraphs.

34.  The denial of full payment of benefits owed pursuant to Plaintiff's underinsured motorist claim was made vexatiously and without reasonable cause, entitling Plaintiff to an award of attorney's fees incurred in an effort to secure Defendants' compliance with the terms of the policy coverage, pursuant to SDCL 58-12-3.

4

35. The acts herein complained of further constitute unfair trade practices in the business of insurance under SDCL 58-33-5 and SDCL 58-33-6, entitling Plaintiff to an award of attorney's fees pursuant to SDCL 58-33-46.1.

## COUNT V
## PUNITIVE DAMAGES

36. Plaintiff reincorporates by reference the foregoing paragraphs.

37. Defendant acted with oppression, fraud, express and implied malice, and a reckless disregard for the interests and rights of Plaintiff by refusing to provide compensation benefits owed to Plaintiff, entitling Plaintiff to an award of punitive damages pursuant to SDCL 21-3-2.

38. Upon information and belief, Defendant engaged in a pattern and practice of acting in bad faith.

WHEREFORE, Plaintiff Barbara McMahan prays for judgment against Defendant for all general compensatory, statutory, and punitive damages, all statutory and necessary costs, including but not limited to attorney's fees, expert witness fees, and all other and further relief as this Court shall deem proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38, Plaintiff Barbara McMahan hereby demands a trial by jury of any issue triable of right by jury.

Dated this 6th day of September, 2018.

BEARDSLEY, JENSEN & LEE,
Prof. L.L.C.

By: /s/
Steven C. Beardsley
Michael S. Beardsley
4200 Beach Drive, Suite 3
P.O. Box 9579
Rapid City, SD  57709
Telephone: (605) 721-2800
Facsimile: (605) 721-2801
Email: sbeards@blackhillslaw.com
mbeardsley@blackhillslaw.com
*Attorneys for Plaintiff*